UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GABRIEL PEREZ,<br><br>             Plaintiff,<br>v.<br><br>METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY.<br><br>             Defendant. | 3:14 - CV - 01565 (CSH)<br><br><br><br>DECEMBER 31, 2014 |

**ORDER**

**HAIGHT,** Senior District Judge:

**I.   INTRODUCTION**

On September 24, 2014, Plaintiff Gabriel Perez commenced this action against Defendant Metropolitan Property and Casualty Insurance Company in the Connecticut Superior Court for the Judicial District of Hartford.  Doc. [1-1].  On October 22, 2014, Defendant filed a Notice of Removal in this District, thereby removing the action to this Court on the basis of "diversity of citizenship" subject matter jurisdiction.  Doc. [1] at ¶ 15.  *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states").  *See also* 28 U.S.C.  § 1441(a).[1]

---

[1] 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In his state court Complaint, Plaintiff seeks damages arising from the denial of an insurance claim. He alleges the following. On September 12, 2011, Plaintiff's 2008 GMC Yukon was stolen from a pizzeria in New Haven. It was found with "substantial damage to it" several days later. Doc. [1-1]. Plaintiff submitted a claim for reimbursement pursuant to his auto-insurance policy with Defendant, but Defendant rejected the claim "citing inconsistent stories as the basis for denial." *Id.* Plaintiff seeks damages from Defendant for the denial of that claim. He charges Defendant with breach of contract and violations of the Connecticut Unfair Insurance Practices Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA").

As set forth below, neither Plaintiff in his state court Complaint, nor Defendant in its federal Notice of Removal has alleged sufficient facts to establish the citizenship of Plaintiff, or an amount in controversy in excess of $75,000.[2] Moreover, no alternative "federal question" subject matter jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff's Complaint sounds only in violations of common law or the Connecticut General Statutes. There are no facts or circumstances alleged therein that potentially give rise to a federal claim arising under the United States Constitution or a federal statute.

## II. DISCUSSION

Pursuant to Article III of the Constitution, a federal court has limited jurisdiction. It may only exercise subject matter jurisdiction where either: (1) the plaintiff sets forth a colorable claim arising

---

[2] Defendant Metropolitan is advised that, in the present circumstances, it ultimately bears the burden of proving that removal is proper. *See United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) ("[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper"); *see also* 14A Charles A. Wright & Arthur R. Miller § 3721, at 209–10 (1990) ("[d]efendant always has the burden of establishing that removal is proper").

under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at * 1 (February Term 1806). *See also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

A federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court must consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). The court must "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction." *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997)) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)). Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."). *See, e.g., Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700-01 ("If subject matter jurisdiction is lacking, the action must be dismissed."); *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("Where jurisdiction is lacking ... dismissal is mandatory.") (quoting *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994)).

Similarly, in the context of removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). *See, e.g., Speranza v. Leonard,* 925 F.Supp.2d 266, 269 (D.Conn. 2013) ("once the Court determines that it does not have subject matter jurisdiction, a remand is mandatory under 28 U.S.C.A. § 1447(c)") (citation and internal quotation marks omitted); *Malanca v. Worth,* No. 3:11cv0056(SRU)(WIG), 2011 WL 941381, at * 2 (D.Conn. Feb.8, 2011) ("Lack of removal jurisdiction may be raised by the Court *sua sponte*" and upon determination that court lacks subject matter jurisdiction, "a remand is mandatory"); *Vasura v. Acands*, 84 F.Supp.2d 531, 540 (S.D.N.Y.2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal, this case was improvidently removed").

In the case at bar, the only potential premise for subject matter jurisdiction presented is diversity of citizenship, 28 U.S.C. § 1332(a). In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g.*, *St. Paul Fire and Marine*

*Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

"In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). *See also Wolde–Meskel v. Vocational Instruction Project Comm. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule."). However, where removal is based on diversity of citizenship, the parties must be diverse *both* at the time of r*emoval* and at the time the *state court complaint was filed*. *See United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301 (The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal") (citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 311-12 (1990)).[3] *See also Albstein v. Six Flags Entm't Corp.*, No. 10 Civ. 5840(RJH), 2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010) ("Where removal is predicated on diversity, the parties must be diverse both at the time of removal and at the time the state court complaint was filed." ) (citing *Vasura*, 84 F.Supp.2d at 535).

**A.     <u>Citizenship</u>**

---

[3]"The purpose of requiring diversity to exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship." 14B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th ed. Westlaw update April 2014).

Defendant indicates in its Notice of Removal that it is incorporated in the state of Rhode Island and has its principal place of business in Rhode Island. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Wachovia Bank v. Schmidt,* 546 U.S. 303, 306 (2006). Defendant has therefore established that it is a citizen of Rhode Island.

The papers, however, fail to establish Plaintiff's citizenship. Both Plaintiff's state court Complaint and Defendant's Notice of Removal indicate that Plaintiff is a *resident* of Connecticut. Doc [1].

With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.* 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" — i.e., "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). *See also Palazzo*, 232 F.3d at 42; 13B C. Wright A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). Although an

individual may have several residences, he or she can have only one domicile.[4] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another") (citations omitted).

In sum, Defendant has alleged Plaintiff's *residency* as reflected on the state court Complaint but has not established Plaintiff's *citizenship*. Citizenship, which is synonymous with domicile, may not be inferred from residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925). Moreover, because this case was removed, citizenship must be demonstrated as of the two relevant dates for diversity purposes: the commencement date of the state court action, September 24, 2014, and the date of removal to federal court, October 22, 2014.

**B.      Jurisdictional Amount**

Notwithstanding whether the citizenship of the parties can be demonstrated to be diverse, the amount in controversy must exceed $75,000, "exclusive of interest and costs." 28 U.S.C. § 1332(a). To invoke the jurisdiction of a federal court, one "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994).

In the removed action at bar, Plaintiff's "Statement of Amount in Demand" attached to his state court Complaint prays for "money damages in excess of fifteen thousand dollars ($15,000), plus

---

[4]The United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). "[S]uch place of abode becomes his residence . . . ." *Id.* The test for residency is thus less stringent than the "more rigorous domicile test." *Id.* For example, "residency" may be taken up for personal or business reasons and may be permanent for only a period of time. *Id.*

interests and costs." Doc. [1-1]. In the text of his state court Complaint, Plaintiff's description of damages he suffered as the result of denial of his insurance claim is limited to his allegation that his 2008 GMC Yukon incurred "substantial damage." *Id.* Plaintiff prays specifically for "[a]ttorney [f]ees," "[c]osts," "[m]oney [d]amages," and "[s]uch other relief as the Court may deem fair and just." *Id*.

I accept that Plaintiff may be fond of his 2008 GMC Yukon. A well-made, well-performing car can become much like a member of the family. But it seems unlikely that Plaintiff paid in excess of $75,000 for repairs to this three year old, relatively common vehicle.

In its Notice of Removal, Defendant asserts that Plaintiff's claim for damages "potentially exceed the jurisdictional minimum" because attorneys' fees and punitive damages are recoverable under CUTPA, a cause of action asserted by Plaintiff at bar. Doc. [1] at ¶ 10. "Therefore," Defendant claims, "more than $75,000 is in controversy in the present case." *Id.*

Punitive damages and attorneys' fees are authorized under CUTPA. General Statutes § 42-110g(a) and (d); *see also Votto v. Am. Car. Rental, Inc.,* 273 Conn. 478, 485-86 (2005). Furthermore, because both punitive damages and attorneys' fees may be recoverable as a matter of right under CUTPA, they may be considered by the court when determining whether a case involves the involves the jurisdictional minimum. *See*, *e.g., A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir.1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Trapanotto v. Aetna Life Ins. Co. Aetna Health Plans,* No. 95 CIV. 10704 (LAP), 1996 WL 417519, at *9 (S.D.N.Y. July 25, 1996) (collecting cases for the proposition that "[a] court is free to consider attorneys's fees . . . only if they are reasonable, and only if they are provided for by

contract or state statute"). Punitive damages as a basis for the minimum amount in controversy are nevertheless subject to heightened scrutiny. *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages.")

It may be that Plaintiff seeks damages in excess of $75,000, but he has neither prayed for such an amount nor detailed specific damages that give rise to such a prayer. In fact, Plaintiff's state court Complaint, though seeking attorneys' fees and "other relief as the Court may deem fair and just," does not even pray for the punitive damages, which Defendant argues, nudges the amount in controversy over the jurisdictional minimum. Nor does the Complaint allege actual damages of a specified amount. There is therefore no basis on this record to conclude that there is a reasonable probability that the amount in controversy is in excess of the statutory jurisdictional minimum. Plaintiff will therefore be required to state whether he reasonably believes that his damages exceed $75,000, and, if so, his basis for that belief.

If Plaintiff does not seek damages in excess of $75,000, or alternatively, cannot demonstrate that he seeks damages in excess of $75,000, the action must be remanded to state court unless: (1) Defendant challenges that assertion *and* (2) Defendant, "as the party asserting jurisdiction," is able to support its assertion of jurisdictional amount "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union,*, 30 F.3d at 301 (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

### III.  CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court ORDERS Plaintiff Gabriel Perez to establish, by affidavit, his citizenship for diversity purposes as

of the date this action was commenced in state court, September 24, 2014, and the date it was removed to federal court, October 22, 2014. In particular, he must declare: (1) the state in which he was *domiciled* and principally established or his "true fixed home" and (2) the names, if any, of other states in which he had a residence. If there are additional states in which a residence was maintained, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

Furthermore, with respect to the amount in controversy, Plaintiff must provide an estimate of his alleged damages in this action, indicating the general bases for his calculation. Upon conclusion of his calculation, he must explicitly declare whether he alleges that his damages exceed the sum or value of $75,000, the jurisdictional amount pursuant to 28 U.S.C. § 1332(a)(1).

In these circumstances, there must be further submissions by the parties with respect to the amount in controversy and component parts of Plaintiff's claims.

Plaintiff shall file and serve his affidavit regarding citizenship and the amount in controversy on or before **January 20, 2015**. Whether or not Plaintiff declares that the amount in controversy exceeds $75,000, Defendant must file and serve, on or before **February 3, 2015**, a response and competent proof justifying its allegations of the jurisdictional amount. All case deadlines are stayed pending the Court's review of the filings contemplated herein.

If, upon review of these papers "it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow." *St. Paul Mercury Indemnity Co. v. Red Cab*, 303 U.S. 283, 292 (1938). It is SO ORDERED.

Dated: New Haven, Connecticut
December 31, 2014

                                           */s/Charles S. Haight, Jr.*
                                           CHARLES S. HAIGHT, JR.
                                           Senior United States District Judge